UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MAGGAE JO JACKSON, | CASE NO. 5:16 CV 1439 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| JUDGE SARA LIOI, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

On May 11, 2016, plaintiff *pro se* Maggae Jo Jackson filed this *in forma pauperis* action against United States District Judge Sara Lioi. The two-page hand-written complaint essentially alleges Judge Lioi improperly dismissed a previous case plaintiff filed in this court against Judge Benita Y. Pearson. See, N.D. Ohio Case Nos. 4:16 CV 1121 and 4:16 CV 29. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

As plaintiff was advised in Case No. 4:16 CV 1121, *supra*, judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991);

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

*Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. Plaintiff alleges no facts even remotely suggesting either of these criteria has been met in this case. Thus, even liberally construed, the complaint does not set forth a colorable claim for relief. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); *cf. Denton v. Hernandez*, 504 U.S. 25 (1992)(finding of frivolousness is appropriate if allegations rise to the level of irrational or wholly incredible).

The court takes judicial notice of its own records in observing that this is at least the third frivolous lawsuit recently filed by plaintiff and summarily dismissed by this court. Further, it is evident she is likely to continue to sue federal judges simply because her frivolous cases have been dismissed by them.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[2]

---

[2] Other circuits have endorsed enjoining these types of filers. *See, Day v. Allstate Ins. Co.*,788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir.
(continued...)

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious. Accordingly, Maggie Jo Jackson is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

>   1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she proposes to file and she must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
>   2. As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
>   3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.
>
>   4. As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further vexatious filings by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

---

(...continued)
1984); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

(1) Any document submitted by Jackson prior to obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Jackson files, unless and until leave is granted.

Based on the foregoing, this action is dismissed under section 1915(e). Further, the court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*/s/ Donald C. Nugent 6/17/16*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE